UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICHELLE ROMEO,
    Plaintiff,

vs.

DENIS McDONOUGH, as
Secretary, United States
Department of Veterans                    COMPLAINT
Affairs,
    Defendant.
_____/

Plaintiff, Michelle Romeo ("ROMEO"), by her undersigned counsel, and pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq*, ("Title VII"), as well as Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 701, *et seq*, and the anti-retaliation provision thereto, 29 U.S.C. Section 704 (a), hereby files this Complaint, against the Defendant, Denis McDonough, as Secretary of the United States Department of Veterans Affairs, and in support hereof, the Plaintiff states as follows:

I.
**INTRODUCTION**

1. As a direct and proximate result of requesting needed medical leaves of absence, as a workplace accommodation, representing an expression of *protected activity*, Plaintiff, Michelle Romeo, was subjected to a series of predicate personnel acts, when taken together, constituted an adverse employment action, which fundamentally and substantially changed,

her status, as an employee in the workplace; and even though Plaintiff had previously engaged in protected activity; she would be subsequently dissuaded from doing so.

2. Moreover, the Plaintiff was clearly subjected to gender-based discrimination in the workplace, whereby her immediate supervisor, derisively ridiculed her in the workplace, based on her appearance as a female, and although there was no tangible employment action with respect to this particular incident, nevertheless, Plaintiff could both objectively and subjectively, perceive her supervisors, action, as a form of 'egregious gender-based harassment.

3. Furthermore, the Defendant repeatedly failed to undertake any substantive remedial measures, to end the proscribed discrimination and or harassment, even though the Plaintiff's immediate supervisor was the primary perpetrator of the actionable workplace discrimination; and apparently, the Defendant had no internal institutional remedy, to address viable claims of workplace discrimination.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action, pursuant to 42 U.S.C. Section 2000e-5(f) and 28 U.S.C. Section 1345.

5. Venue is proper in this judicial district, under 42 U.S.C. Section 2000e-5(f) and 28 U.S.C. Section 1391 (b), because it is where a substantial part of the events or missions, giving rise to the causes of action, herein, occurred.

6. The Plaintiff brings this action for unlawful discrimination, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, as well as for a violation of the

Rehabilitation Act of 1973, 29 U.S.C. Section 701, *et. seq.,* and pursuant to the retaliation provision of that statute, 29 U.S.C. Section 704(a).

7. The Defendant Agency, is an, "employer," within the meaning of Title VII of the Civil Rights Act 1964, as amended, 42 U.S.C. Section 2000(e).

8. The Defendant Agency, is an, "employer," within the meaning of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 701, *et seq.*

9. Plaintiff is within the purview of protection, with respect to the above pertinent statutes, in short, Plaintiff is subject to their protections; and hence, she is entitled to the substantive legal protections of the Rehabilitation Act of 1973, 29 U.S.C. Section 701, *et seq.,* as well as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*

10. On April 12, 2020, ROMEO sought timely Equal Employment Opportunity ("EEO") counseling, in connection with her claims, indicating that the Agency, acting through its management and supervisory personnel, had discriminated against her, on the basis of her disability and gender.

11. Furthermore, on May 15, 2020, ROMEO filed a formal complaint of discrimination, which included claims of disability discrimination, and retaliation, on the basis of requesting a prior reasonable accommodation, as a means of expressing protected activity, based upon her disability, in violation of the Rehabilitation Act of 1973, as well as gender-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

12. Consistent with the allegations, as contained within the formal complaint of discrimination, Plaintiff herein brings claims of disability discrimination, retaliation, due to her exercise of protected activity, namely, requesting a prior reasonable accommodation, as well as

continuous and on-going based harassment by Agency supervisory personnel in the workplace.

13. On January 8, 2021, the Agency completed the applicable Report of Investigation ("ROI"), also known as the administrative investigation, of the Plaintiff's formal EEO complaint of discrimination.

14. Over one hundred eighty (180) days have now elapsed since the filing of the formal complaint of discrimination in this case; and hence, the Plaintiff, herein, is now authorized to file this Complaint in federal district court.

15. The Plaintiff has exhausted all applicable administrative remedies; and she has satisfied all conditions precedent, prior to initiating this case in federal district court.

## III.
## PARTIES

16. Plaintiff, Michelle Romeo ("ROMEO"), at all material times herein, was and is, a female, employed by the United States Veterans Administration ("VA"), as a Program Specialist, GS-9/6, within the Miami VA Medical Healthcare System, within the Medical Administrative Service ("MAS"), located in Miami, Miami-Dade County, Florida.

17. Defendant, Denis McDonough, as Secretary, of the United States Veterans Administration (Agency), is the legal designated Agency head; and as such, in this role, he is responsible for the personnel policies and practices, as pronounced and implemented, with respect to Agency employees, including the Plaintiff, herein.

4

## IV.
## FACTUAL ALLEGATIONS

18. Plaintiff is a "qualified individual with a disability," under the Rehabilitation Act of 1973, 29 U.S.C. Section 701, *et seq*.

19. On or about January 16, 2020, Plaintiff properly invoked her substantive legal rights, under the Family Medical Leave Act of 1993 ("FMLA"); and as a result, she took medical leave of absence, due to the existence of her bona fide disabilities; and the leave was initially duly approved by supervisory personnel of the Agency.

20. By taking lawful medical leaves of absence, Plaintiff was invoking and expressing protected workplace activity, which is statutorily protected conduct, under the Rehabilitation Act of 1973, 29 U.S.C. Section 701, *et seq*.

21. Based upon her expression of protected activity in the workplace, the Plaintiff should be exempt and immune from any predicate acts of workplace retaliation, perpetrated by management and or Agency supervisory personnel.

22. Plaintiff's immediate supervisor, or the applicable Responsible Management Official ("RMO"), Carolina Jaramillo ("JARAMILLO"), was aware of the nature of the Plaintiff's disabilities, based on the Plaintiff's stated disclosures, within her FMLA submitted documentation, and through her numerous workplace conversations with the Plaintiff.

23. Beginning on or about January, 2020, and continuing until at least, March 20, 2020, and thereafter, JARAMILLO, in her capacity as the VA's Environmental Health Coordinator, criticized the Plaintiff, for allegedly failing to coordinate and contact patients, within the Environmental Health Registry, for patient appointments, when in fact, Plaintiff had previously requested the required information, about completing this work; and in addition,

5

Plaintiff had shown her due diligence, by requesting the requisite information from the VA Clinician, Deborah Wilson ("WILSON"); and the attending clerical employee, Veronica Santiago. ("SANTIAGO").

24. Plaintiff had been previously requesting the applicable patient information packets; patient names and pertinent progress notes, from JARRAMILLO and from SANTIAGO, on numerous occasions, but to no avail.

25. WILSON had been intentionally hiding Plaintiff's job tasks and assignments, so that her work could not be completed, in a timely manner; and in addition, WILSON was apparently grooming Santiago, to take over the Plaintiff's job responsibilities.

26. WILSON improperly provided and transferred Plaintiff's job tasks to SANTIAGO, without the Plaintiff's knowledge; and furthermore, WILSON became agitated when the Plaintiff had asked WILSON, why it was taking so long for progress notes to be completed; since without progress notes, and other related medical information, Plaintiff was unable to complete her basic job tasks, through no fault of her own.

27. On or about January 19, 2020, and in direct response to the invoking of Plaintiff's rights, as a disabled employee, through the taking of medical leaves of absence, as a form of a reasonable accommodation, JARAMILLO intentionally, wrongfully and illegally, changed Plaintiff's official personnel time records, the "time cards," from an approved leave status, to the impermissible "absent without leave." ("AWOL").

28. On or about February 19, 2020, to on or about March 20, 2020, VA Clinician, WILSON, intentionally communicated erroneous job performance information, with malice, pertaining

to the Plaintiff, in official VA personnel records, also known as, "action memos," raising the ire and concern of the VA Director, for no valid reason and or business justification.

29. Moreover, from on or about February 19, 2020, through March 20, 2020, WILSON continuously and harshly rebuked Plaintiff in the workplace, since Plaintiff had properly requested information about the on-going status of certain patient progress notes.

30. On April 13, 2020, the Plaintiff was charged with being "AWOL," from 8:00 a.m. to 10:00 a.m., without any valid business reason and or justification.

31. In addition to being wrongfully placed on an AWOL status, Defendant proceeded to withhold Plaintiff's wages, her holiday pay, denying payment of her earned bonus, as well as removing her medical certification and her workplace accommodations.

32. Moreover, as an apparent culmination of these personnel complaints about Plaintiff's conduct in the workplace, ROMEO was issued a Record of Counseling, on April 22, 2020.

33. Management continuously failed to provide or undertake the most basic and required tasks, regarding Plaintiff's status as an employee, such as completing her job performance evaluation.

34. On or about October 29, 2019, JARAMILLO harassed Plaintiff in the workplace, on the basis of her gender, by claiming in a highly derisive, angry and corresponding tone, claiming that ROMEO was improperly showing "too much cleavage," in a business attire dress; and JARAMILLO mandated that Plaintiff wear a bulky oversized uniform; JARAMILLO also instructed the Plaintiff to wear a man's uniform; and when Plaintiff refused this request, JARAMILLO threatened to contact the Chief of the facility.

35. Plaintiff's co-workers were improperly and contrary to policy, authorized by management to conduct a fact-finding inquiry, with regard to JARAMILLO's harassment of the Plaintiff.

36. Management's improper authorization of co-workers to conduct a fact-finding inquiry, clearly breached the confidentiality of any workplace investigation, further subjecting Plaintiff to continued harassment.

37. Moreover, in mid-January 2020, JARAMILLO egregiously degraded the Plaintiff in an insulting and derogatory manner, openly, in the workplace, by making negative and offensive comments about her body.

38. A co-worker, Wanda Edgecomb, witnessed JARAMILLO openly degrading the Plaintiff in the workplace, compelling the Plaintiff to wear a man's uniform, further causing the Plaintiff to suffer shame, embarrassment and humiliation on the basis of her gender, in front of her co-workers in the workplace.

39. Plaintiff's immediate Supervisor, Christian Zegarra, also witnessed the acts of harassment, perpetrated by JARAMILLO, and further, he has personal knowledge that following this incident, Plaintiff was unjustifiably denied the opportunity to complete an applicable performance review.

## COUNT I
### (VIOLATION OF THE REHABILITATION ACT OF 1973)

40. Plaintiff restates and re-alleges the allegations contained within Paragraphs 1—39 of the Complaint, as if fully set forth herein.

41. At all material times herein, and continuing to the present, Plaintiff is a "qualified individual with a disability," under the Rehabilitation Act of 1973, *see*, 29 U.S.C. Section 791, Section 794 (a).

42. Plaintiff is a Caucasian female, and she possessed the requisite qualifications, education and abilities to perform the essential functions of her position with the Defendant, the position of Program Specialist, GS-9/6, at the Miami VA Healthcare System.

43. Plaintiff engaged in lawful *protected activity*, when she informed Agency supervisor personnel, that she needed to take medical leaves of absence, in order ton accommodate her disabilities.

44. Defendant unlawfully interfered with Plaintiff's ability to take medial leaves of absence, as an accommodation, since upon her return to work, she was harassed, ridiculed and intimidated, as a "qualified individual with a disability," under the Rehabilitation Act of 1973, *see*, 29 U.S.C. Section 791, Section 794 (a), by unlawfully claiming that ROMEO was "AWOL."

45. As result of the Defendant's unlawful conduct, Plaintiff would be and was, unlawfully discouraged from taking further leaves of absence, to accommodate her disability, based upon the Defendant's continuing discriminatory misconduct.

46. The Defendant's unlawful conduct caused the Plaintiff to experience a "chilling effect," when she attempted to effectuate protected activity and the invocation of her substantive legal rights, under the Rehabilitation Act of 1973, *see*, 29 U.S.C. Section 791, Section 794 (a), by unlawfully claiming that ROMEO was "AWOL."

47. Due to the repeated unlawful and discriminatory conduct of the Defendant, Plaintiff has retained undersigned counsel and Plaintiff is obligated to pay reasonable attorney's fees and costs.

**WHEREFORE,** the Plaintiff, MICHELLE ROMEO, respectfully requests that this Court

enter judgment against the Defendant, DENIS McDonough, as Secretary of the United States Department of Veterans Affairs, and find that the Defendant indeed violated the Rehabilitation Act of 1973, and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay and front pay, as applicable, as well as compensatory damages;

B) Restore Plaintiff's docked pay, her lost holiday pay, her earned bonus, as well as restoring her from AWOL status, and further restore her medical certification and workplace accommodations;

C) Award the Plaintiff her costs and a reasonable attorney's fee;

D) Enjoin the Defendant from continuing its discriminatory practices; and

E) Grant any and all appropriate relief, which the Court deems to be just, proper, and equitable.

## COUNT II
### (VIOLATION OF THE REHABILITATION ACT OF 1973, RETALIATION)

48. Plaintiff restates and re-alleges the allegations contained within Paragraphs 1—39 of the Complaint, as if fully set forth herein.

49. Plaintiff is a Caucasian female, and she possessed the requisite qualifications, education and abilities to perform the essential functions of her position with the Defendant, the position of Program Specialist, GS-9/6, at the Miami VA Healthcare System.

50. The anti-retaliation provision of the Rehabilitation Act of 1973, *see*, 29 U.S.C. Section 791, Section 794 (a), forbids discrimination and retaliation in employment against employees, by federal agencies; and moreover, the anti-retaliation provision of the Rehabilitation Act, incorporates by reference, Section 12203 of the Americans with Disabilities Act, which

provides in relevant part, that "no person shall discriminate against an individual because such individual has opposed any act, practice, made unlawful by the Rehabilitation Act," and under this Act, an aggrieved federal employee, such as the Plaintiff, herein, is entitled to the "remedies, procedures and rights," as set forth in Title VII of the Civil Rights Act of 1964, as amended.

51. The Rehabilitation Act of 1973, *see*, 29 U.S.C. Section 791, Section 794 (a), prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon the employee's opposition to policies and procedures, which discriminate against employees, who exhibit medical conditions, which indicate that they are indeed, "qualified individuals with disabilities, under the Rehabilitation Act of 1973, *see*, 29 U.S.C. Section 791, Section 794 (a).

52. The Plaintiff is a "qualified individual with a disability," and she requested numerous reasonable accommodations in the workplace, and thereafter, within close temporal proximity thereto, was subjected to a series of personnel actions, as set forth previously in Paragraphs, 23—37, herein, taken together, collectively constitute an adverse personnel action.

53. As a direct and proximate result of the Defendant's unlawful acts in the workplace, perpetrated through its supervisory employees, the Plaintiff has suffered great and irreparable harm and other associated losses.

54. Due to the repeated unlawful and discriminatory conduct of the Defendant, Plaintiff has retained undersigned counsel and Plaintiff is obligated to pay reasonable attorney's fees and costs.

**WHEREFORE,** the Plaintiff, MICHELLE ROMEO, respectfully requests that this Court enter judgment against the Defendant, DENIS McDonough, as Secretary of the United States Department of Veterans Affairs, and find that the Defendant indeed violated the Rehabilitation Act of 1973, and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay and front pay, as applicable, as well as compensatory damages;

B) Restore Plaintiff's docked pay, her lost holiday pay, her earned bonus, as well as restoring her from AWOL status, and further restore her medical certification and workplace accommodations;

C) Award the Plaintiff her costs and a reasonable attorney's fee;

D) Enjoin the Defendant from continuing its discriminatory practices; and

E) Grant any and all appropriate relief, which the Court deems to be just, proper, and equitable.

## COUNT III
### (VIOLATION OF TITLE VII, GENDER DISCRIMINATION)

55. Plaintiff restates and re-alleges the allegations contained within Paragraphs 1—39 of the Complaint, as if fully set forth herein.

56. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, prohibits an employer, from making employment decisions, or from taking personnel action, affecting the terms, conditions and privileges of one's employment, based upon gender-based classifications, considerations or gender-based reasons.

57. The Plaintiff is a Caucasian female and she possessed the requisite qualifications, education, abilities and skills to perform the essential functions of her position as a Program Specialist, GS-9/6, with the Defendant, at the Miami VA Healthcare System.

58. The Plaintiff was subjected to gender-based harassment in the workplace, by JARAMILLO, as previously set forth in Paragraphs 33—34, above.

59. These predicate acts of gender-based harassment, perpetrated by JARAMILLO, substantially limited the Plaintiff's effectiveness in the workplace, and these actions virtually prevented the Plaintiff from being able ton effectively perform her duties, as a Program Specialist, for the Agency, at the Miami VA Healthcare System.

60. Although the gender-based harassment did not result in a tangible employment action, the Agency did not possess an effective internal discrimination complaint procedure; and consequently, the Agency was unable to take proper remedial measures to end the workplace harassment.

61. As a direct and proximate result of the Defendant's unlawful acts, ROMEO has suffered great and irreparable economic harm and other associated losses.

62. Due to the repeated unlawful and discriminatory conduct of the Defendant, Plaintiff has retained undersigned counsel and Plaintiff is obligated to pay reasonable attorney's fees and costs.

**WHEREFORE,** the Plaintiff, MICHELLE ROMEO, respectfully requests that this Court enter judgment against the Defendant, DENIS McDonough, as Secretary of the United States Department of Veterans Affairs, and find that the Defendant indeed violated the Rehabilitation Act of 1973, and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, as well as compensatory damages;

B) Restore Plaintiff's docked pay, her lost holiday pay, her earned bonus, as well as restoring her from AWOL status, and further restore her medical certification and workplace accommodations;

C) Award the Plaintiff her costs and a reasonable attorney's fee;

D) Enjoin the Defendant from continuing its discriminatory practices; and

E) Grant any and all appropriate relief, which the Court deems to be just and proper.

## Demand for Jury Trial

The Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 5th day of November, 2021.